IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 26-cv-02271-RTG
(**The above civil action number must appear on all future papers sent to the court in this action. Failure to include this number may delay the consideration of your claims.**)

ALEJANDRO HUERTA NAVARRO,

      Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security,
TODD BLANCHE, Acting Attorney General of the United States,
TODD M. LYONS, Senior Official Performing the Duties of the Director of U.S.
      Immigration and Customs Enforcement,
ROBERT HAGAN, Field Office Director of the Denver Field Office of U.S. Immigration
      and Customs Enforcement and Removal Operations; and
JUAN BALTAZAR, Warden of the Aurora Contract Detention Center,

      Respondents.

---

## ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES

---

Petitioner Alejandro Huerta Navarro is a federal immigration detainee at the ICE Aurora Contract Detention Facility in Aurora, Colorado. Petitioner has filed *pro se* a Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 and Complaint for Declaratory and Injunctive Relief and paid the required filing fee. (*See* ECF No. 1).[1] Accordingly, this habeas corpus action was opened.

---

[1] "(ECF No. 1)" is an example of the convention used to identify the docket number assigned to a specific filing by the court's Case Management/Electronic Case Files (CM/ECF) system. The convention is used throughout this order.

As part of the Court's review under D.C.COLO.LCivR 8.1(b), the Court finds one or more filings deficient (or not submitted) as described in this order. Therefore, Petitioner is directed to cure the following deficiencies to pursue any claims in this action. Any papers that Petitioner files in response to this order must be labeled with the civil action number provided on this order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)  __   is not submitted
(2)  __   is missing affidavit
(3)  __   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(4)  __   is missing certificate showing current balance in prison account
(5)  __   is missing required financial information
(6)  __   is missing authorization to calculate and disburse filing fee payments
(7)  __   is missing an original signature by the prisoner
(8)  __   is not on proper form (must use the court's current form Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 in a Habeas Corpus Action)
(9)  __   names in caption do not match names in caption of complaint, petition or habeas application
(10) __   other:

**Complaint, Petition or Application**:
(11) __   is not submitted
(12) _X_   is not on proper form (must use the District of Colorado's current form § 2241 habeas application)
(13) __   is missing an original signature by the prisoner
(14) __   is missing page nos.
(15) __   uses et al. instead of listing all parties in caption
(16) __   names in caption do not match names in text
(17) __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(18) _X_   other: Petitioner must submit a single, fully completed habeas corpus application on the court-approved form as one document that contains all claims and allegations and names the proper Respondent(s).

Accordingly, it is

2

ORDERED that Petitioner cure the deficiencies designated above within thirty (30) days from the date of this order. Any papers that Petitioner files in response to this order must include the civil action number provided at the top of this order. It is

FURTHER ORDERED that Petitioner shall obtain and utilize the following District of Colorado form: **Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241**. The form, along with the applicable instructions, can be found (with the assistance of a case manager or the facility's legal assistant) at www.cod.uscourts.gov. The Court directs the **Clerk of the Court** to send Petitioner copies of this form along with application instructions. It is

FURTHER ORDERED that, if Petitioner fails to cure all designated deficiencies within thirty (30) days from the date of this order, the action will be dismissed without further notice. The dismissal shall be without prejudice. It is

DATED May 27, 2026.

BY THE COURT:

Richard T. Gurley
United States Magistrate Judge